JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Motions to Dismiss, Remand, and Disqualify Counsel [15, 19, 21]**

Before the Court are three Motions. First, Defendant Miguel Solorio ("Solorio") moves to dismiss Plaintiff CareCo, LLC's ("CareCo") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. No. 15.) CareCo opposed the Motion, (Opp'n to Dismissal, Dkt. No. 18), and Solorio responded, (Reply for Dismissal, Dkt. No. 20).

Second, CareCo moves to remand the case back to the Superior Court of the State of California. (Mot. to Remand, Dkt. No. 19.) Solorio opposed the Motion, (Opp'n to Remand, Dkt. No. 24), and CareCo responded, (Reply for Remand, Dkt. No. 28).

Third, Solorio moves to disqualify Caroline Mankey ("Mankey") and the firm Ackerman LLP from serving as counsel to CareCo. (Mot. to Disqualify, Dkt. No. 21.) CareCo opposed the Motion, (Opp'n to Disqualification, Dkt. No. 23), and Solorio responded, (Reply for Disqualification, Dkt. No. 29).

For the following reasons, the Court **GRANTS** CareCo's Motion to Remand and **DENIES as moot** Solorio's Motions to Dismiss and Disqualify.

## I. BACKGROUND

The following facts are taken from CareCo's Complaint. (Compl., Dkt. No. 1-3). Both CareCo and Solorio are citizens of California for purposes of subject matter jurisdiction. (See id. ¶¶ 5–6.) In June 2022, CareCo and Solorio entered into a written partnership agreement to launch a new line of shoe care cleaners and related products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  5:24-cv-00836-JVS-JDE            Date  June 26, 2024

Title  Careco, LLC v. Miguel Solorio et al

(the "Agreement"). (Id. ¶ 1.) As of June 2022, Solorio had never solely manufactured, marketed, or sold any shoe care product. (Id. ¶ 11.) He sought out a partnership with CareCo to help him produce a shoe care product he had already started taking pre-orders for, with an expected shipping date in July 2022. (Id.) The Agreement provided that CareCo and Solorio would own the business and associated intellectual property equally. (Id. ¶ 1.) It also dictated that Solorio would purchase all shoe care products exclusively from CareCo and would not compete with the partnership's business. (Id.) Moreover, any shoe care related business Solorio affiliated himself with would be subject to the terms of the Agreement. (Id.) Solorio's primary responsibility under the Agreement was creating content to market its products on social media. (Id. ¶ 15.) CareCo assumed responsibility for nearly all other aspects of the partnership including acquisitions, manufacturing, and registering trademarks. (Id.) Pursuant to the Agreement, CareCo took numerous steps to register and protect the partnership's intellectual property. (See id. ¶ 20.)

The partnership's first year was successful, and the parties oversaw substantial sales and profits payable to each partner in amounts that Solorio himself described as "unbelievable." (Id. ¶ 2.) Nevertheless, in the fall of 2023, Solorio expressed discontent with the terms of the Agreement, in particular the sharing of revenue from the marketing and promotional activities that he was conducting. (Id. ¶ 3.) The parties negotiated for several months over potential new partnership terms, but never reached a new agreement. (See id. ¶¶ 28–31.) Subsequently, Solorio abandoned the partnership in approximately March 2024 and began posting images on social media promoting a new, competing show cleaning product that contained one of the partnership's trademarks. (Id.) He also stopped promoting the partnership's products. (Id.) Over the course of that month, Solorio posted multiple pieces of content on social media disparaging the partnership and CareCo, including informing viewers to buy the partnership's shoe care products at their "own risk." (Id. ¶ 39.)

On March 12, 2024, CareCo filed its Complaint in the Superior Court of California, County of Riverside against Solorio for breach of contract, breach of fiduciary duties, and declaratory judgment. (See generally id.) Solorio removed the case to federal court on April 19, 2024, under 28 U.S.C. §§ 1331 and 1338, federal question jurisdiction. (Notice of Removal, Dkt. No. 1, at 2.) Solorio alleged that the Court had subject matter jurisdiction because the Complaint accused him of violating the Lanham

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

Act, 15 U.S.C. §§ 1114 and 1125. (Id.) Shortly after, on April 26, 2024, Solorio filed his Motion to Dismiss CareCo's Complaint. (Dkt. No. 15.) In response to Solorio's removal, CareCo filed its Motion to Remand the case back to Superior Court because no federal question was presented in the Complaint and this Court lacked subject matter jurisdiction. (Mot. to Remand at 1.) Solorio also filed his Motion to Disqualify Mankey and Ackerman LLP on May 24, 2024. (Dkt. No. 21.)

## II. Legal Standard

### A. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). "The [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." Friedenberg v. Lane Cnty., 68 F.4th 1113, 1121 (9th Cir. 2023) (quoting Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014). Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights." Id.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has rejected the idea that § 1447(c) either provides an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  5:24-cv-00836-JVS-JDE                          Date  June 26, 2024

Title  Careco, LLC v. Miguel Solorio et al

automatic right to attorney's fees upon remand or creates a presumption on favor of awarding attorney's fees upon remand. Martin v. Franklin Capital Corp., 546 U.S. 132, 138–39 (2005). Rather, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141 (citation omitted).

### III. Discussion

Due to its potentially dispositive nature, the Court will address CareCo's Motion to Remand first.

    *A.    Motion to Remand*

To begin, although CareCo's filed its Motion to Remand more than thirty days after Solorio removed the case, the Court will still review it on the merits because CareCo asserts that the Court lacks subject matter jurisdiction. (Mot. to Remand at 2–3); see § 1447(c). Specifically, CareCo argues that the case should be remanded because this Court lacks original jurisdiction, and supplemental jurisdiction is not a proper basis for removal to federal court. (Mot. to Remand at 2–3.) CareCo also contends it should be awarded attorneys' fees under § 1447(c) because Solorio "lacked an objectively reasonable basis for removal." (Id. at 4.) Solorio disagrees and asserts that the case should not be remanded for two reasons. First, he argues the Court has subject matter jurisdiction under the "coercive action doctrine" over CareCo's claim for declaratory relief. (Opp'n to Remand at 7.) Second, Solorio contends that CareCo's declaratory relief claim seeks to resolve a dispute over a federal question, trademark ownership, which also gives this Court jurisdiction. (Id. at 12.) Regardless of the outcome of the jurisdiction question, Solorio argues that an award of attorneys' fees is unnecessary because he had an objectively reasonable basis for removing the case. (Id. at 13.) The Court will address the jurisdictional and fees arguments in turn.

    1.    Subject Matter Jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
|---|---|---|---|

| Title | Careco, LLC v. Miguel Solorio et al |
|---|---|

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. (citing 28 U.S.C. § 1331). "Federal-question jurisdiction stems from a congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020) (quoting § 1331). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." Id. (citing Caterpillar, 482 U.S. at 392). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392.

Federal question jurisdiction is not present where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). Thus, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393.

### a. Applicability of the Declaratory Judgment Act

In response to CareCo's argument that removal was improper, Solorio largely hangs his hat on the argument that the Court has subject matter jurisdiction under the "coercive action doctrine." (Opp'n to Remand at 7–11.) Although courts do not widely use Solorio's nomenclature, the doctrine he relies on arises in actions brought under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201. The typical scenario for its use is when a party expecting to be sued (prospective defendant) preemptively files a federal declaratory relief action, rather than wait for the other party (prospective plaintiff) to sue. See, e.g., Skelly Oil Co. v. Phillips Petrol. Co., 339 U.S. 667, 671 (1950); Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 13 (1983). The Act does not create an independent basis for federal jurisdiction; rather, it simply creates a remedy in cases otherwise within federal jurisdiction. Skelly Oil, 339 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  5:24-cv-00836-JVS-JDE                                   Date  June 26, 2024

Title     Careco, LLC v. Miguel Solorio et al

671; Medtronic, Inc. v. Mirowski Fam. Ventures, LLC, 571 U.S. 191, 197 (2014).  Thus, where the disputed liability is under state law, and federal law is involved only as a defense thereto, the declaratory relief action does not "arise under" federal law.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1386 (9th Cir. 1989).  Federal jurisdiction does arise under the Act when the plaintiff's well-pleaded complaint alleges that the defendant could institute a coercive action arising under federal law.  Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985) (citing Franchise Tax Bd., 463 U.S. at 16–19 & nn.14, 19); Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) (holding that courts can determine jurisdiction in declaratory relief action by "reposition[ing] the parties [and] asking whether [it] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."); Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003).

   Solorio argues that the Court has subject matter jurisdiction because he could have brought, and did bring, an action against CareCo for claims arising under federal trademark law.  (Opp'n to Remand at 7–8.)  Therefore, because CareCo's claim for declaratory relief arises out of "the threat of a Federal Lanham Act Claim," the "coercive action doctrine sustains federal question" jurisdiction.  (Id. at 8, 11).  While Solorio lays out a proper overview of the caselaw discussing the jurisdictional question surrounding a claim for declaratory relief, his application of that law is misplaced.  "[F]ederal courts, when determining declaratory judgment jurisdiction, often look to the 'character of the threatened action.'"  Medtronic, 571 U.S. at 197 (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 248 (1952)).  "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant' 'would necessarily present a federal question.'"  Id. (quoting Franchise Tax Bd., 463 U.S. at 19).  Through a narrow lens, the answer may at first appear to be in the affirmative because CareCo filed a declaratory judgment claim against Solorio and the latter maintains that he could have brought a claim for infringement under federal trademark law.  (Opp'n to Remand at 7–8.)  However, when viewed more broadly, it is apparent that the facts of this case do not fit the parameters needed for subject matter jurisdiction.

   The Act provides CareCo, not Solorio, with the power to invoke this Court's jurisdiction.  Standard Ins. Co., 127 F.3d at 1181 ("A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
|---|---|---|---|

| Title | Careco, LLC v. Miguel Solorio et al |
|---|---|

rights there." (citing Franchise Tax Bd., 463 U.S. at 19 & n.19)); see also Household Bank, 320 F.3d at 1253 ("[T]he Declaratory Judgment Act 'allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action.'" (second alteration in original) (citation omitted)).  For example, if Solorio had threatened to sue CareCo for alleged trademark infringement, CareCo could have invoked the Act to bring a declaratory judgment claim in federal court because Solorio's threatened action would present a federal question.  See Franchise Tax Bd., 463 U.S. at 19; Skelly Oil, 339 U.S. at 671; Janakes, 768 F.2d at 1093.  This would be true even if CareCo's hypothetical declaratory judgment complaint only alleged that Solorio could, but did not intend to, institute a coercive action arising under federal law.  Janakes, 768 F.2d at 1093; Household Bank, 320 F.3d at 1253.  Yet, neither the law nor any of the cases cited by Solorio persuasively suggest that a defendant in a state court action can invoke the Act as part of removal to gain a federal court's jurisdiction.[1]  The procedural posture of the case simply does not fit the criteria for when the Act can be invoked to establish federal question jurisdiction.  See Medtronic, 571 U.S. at 197–98; Franchise Tax Bd., 463 U.S. at 19; Skelly Oil, 339 U.S. at 671.  Therefore, the Court declines to adopt Solorio's argument for jurisdiction based on the Act.

### b.    Whether CareCo's Complaint "Arises Under" Federal Law

The Court is also unpersuaded by Solorio's second argument that it has subject matter jurisdiction because CareCo's declaratory judgment claim arises under federal law.  It is not apparent from the face of CareCo's Complaint that the Court has federal question jurisdiction because it relies exclusively on state law.  See Caterpillar, 482 U.S. at 392.  Therefore, for the Court to have federal question jurisdiction, the Complaint must meet one of the few exceptions to the well-pleaded complaint rule delineated by the Supreme Court.

---

[1] The only cases Solorio cites that even suggests such a tactic is permissible, Evans v. Trimont Land Co., Inc., No. CIV. S-06-503, 2006 WL 1377031, at *2 (E.D. Cal. May 18, 2016) and Alcatraz Media v. Medieval Times Ga., Inc., NO. 1:10-cv-00380, 2010 WL 11549617, at *3 (N.D. Ga. Aug. 26, 2010), are both factually distinguishable and unpersuasive in the face of the plethora of binding precedent that does not provide any indication that such a tactic is appropriate.  Moreover, both fail to grapple with the Supreme Court's test for determining whether federal question jurisdiction arises from a state law claim.  See infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
|---|---|---|---|

| Title | Careco, LLC v. Miguel Solorio et al |
|---|---|

     Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," § 1331, and, more particularly, over "any civil action arising under any Act of Congress relating to . . . trademarks," id. § 1338(a). Adhering to the demands of "[l]inguistic consistency," the Supreme Court has interpreted the phrase "arising under" in both sections identically, "applying [their] § 1331 and § 1338(a) precedents interchangeably." Gunn v. Minton, 568 U.S. 251, 257 (2013). For cases falling within the trademark-specific "arising under' jurisdiction of § 1338(a), Congress, unlike, for example patents, has not eliminated State court jurisdiction. § 1338(a).

     "For statutory purposes, a case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." Gunn, 568 U.S. at 257 (citing Am. Well Works Co v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). "As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions . . . and accounts for the vast bulk of suits that arise under federal law." Id. (citations omitted). "[W]here a claim finds its origins in state rather than federal law . . . [the Supreme Court] ha[s] identified a 'special and small category' of cases in which arising under jurisdiction still lies." Id. at 258 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). None of the cases the Court has identified as fitting into this "slim category" involve trademark law, see BP PLC, 969 F.3d at 904 (collecting cases); however, this does not foreclose that possibility. Courts must ask whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258. "Where all four of these requirements are met, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable, 545 U.S. at 313–14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

CareCo's declaratory judgment claim was brought pursuant to California's Declaratory Judgment Act. (Compl., Dkt. No. 1-3, ¶ 52.) Thus, "[a]s an initial proposition, the 'law that creates the cause of action' is state law, and original federal jurisdiction is unavailable" under the first approach. Franchise Tax Bd., 463 U.S. at 13 (quoting Am. Well Works, 241 U.S. at 260). Moreover, because the Supreme Court has yet to identify a trademark law case as fitting into the "slim category" of state law claims that arise under jurisdiction still lies, see BP PLC, 969 F.3d at 904, the Court must determine whether the federal issue Solorio claims exists satisfies the four-part test from Grable. See 545 U.S. at 314.

When applying the Grable standard, it is apparent that CareCo's state law declaratory relief claim does not "arise under" federal trademark law for purposes of § 1338. Even assuming the claim necessarily raises a federal trademark law issue, the issue is actually disputed, and the federal-state balance would not be disrupted, the Court lacks jurisdiction because the issue "is not substantial in the relevant sense." Gunn, 568 U.S. at 260. The substantiality inquiry does not focus "on the importance of the issue to the plaintiff's case and to the parties before it," but "the importance of the issue to the federal system as a whole." Id. ("[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim 'necessarily raise[s]' a disputed federal issue." (second alteration in original)). The trademark issue that Solorio identifies lacks the necessary substantiality to raise a federal question.

An issue is important to the "federal system as a whole" when it raises substantial questions as to the interpretation or validity of a federal statute, see Hopkins v. Walker, 244 U.S. 486, 489 (1917) (federal jurisdiction was proper because "it [was] plain" that the case involved "a controversy respecting the construction and effect of" federal mining laws); Smith v. Kan. City Title & Tr. Co., 255 U.S. 180, 201 (1921) (challenging the constitutionality of a federal law governing the issuance of federal bonds), or when it challenges the functioning of a federal agency or program, see Grable, 545 U.S. at 315 (holding there was federal jurisdiction to address an action challenging the IRS's ability to satisfy tax delinquencies by seizing and disposing of property). An issue may also be substantial if it is a "pure issue of law," Empire Healthchoice, 547 U.S. at 700, that directly draws into question "the constitutional validity of an act of Congress," Smith, 255 U.S. at 201, or challenges the actions of a federal agency, see Grable, 545 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

310, and a ruling on the issue is "both dispositive of the case and would be controlling in numerous other cases," Empire Healthchoice, 547 U.S. at 700. "By contrast, a federal issue is not substantial if it is 'fact bound and situation-specific.'" BP PLC, 969 F.3d at 905 (quoting Empire Healthchoice, 547 U.S. at 701). Or if it "raises only a hypothetical question unlikely to affect interpretations of federal law in the future." Id. (citing Gunn, 568 U.S. at 261). Additionally, "[a] federal issue is not substantial merely because of its novelty," id. (citing Gunn, 568 U.S. at 262), "or because it will further a uniform interpretation of a federal statute," id. (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 815–16 (1986)).

Solorio contends that the resolution of the alleged trademark dispute poses a substantial federal question. (Opp'n to Remand at 12–13.) The Court disagrees. Virtually none of the factors suggesting a substantial federal question are present in this case. This is a dispute between two private parties; no federal actor is involved. The alleged federal question is not a "pure issue of law," but requires the application of unique facts to well-settled federal trademark law. The federal question Solorio claims exists is certainly context-specific because it involves determining the ownership of marks connected to the products sold by the partnership and the potential infringement and dilution of those marks. Even if the federal question is case-dispositive, it holds little weight because "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue." Gunn, 568 U.S. at 260. Although "[t]here is no doubt that resolution of a [trademark] issue" in the context of a state declaratory relief claim "can be vitally important to the particular parties in that case . . . something more" is needed to demonstrate "that the question is significant to the federal system as a whole." Id. at 263–64. That "something more" is missing here.

The cases Solorio relies on do not change this analysis. Both Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 962 (10th Cir. 1996) and Post Performance, LLC v. Renaissance Imps., Inc., 333 F. Supp. 2d 834, 835–36 (E.D. Mo. 2004) are factually distinct because they involved actions filed in federal court invoking the Declaratory Judgement Act. Moreover, they pre-date the Supreme Court's decision in Grable. Thus, even if they were assessing whether "arising under jurisdiction" existed for a state law claim, the appropriate standard of analysis was unavailable. Alcatraz Media post-dates Grable yet failed to engage in the appropriate analysis for determining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
|---|---|---|---|

| Title | Careco, LLC v. Miguel Solorio et al | | |
|---|---|---|---|

whether the purported federal question satisfies an exception to the well-pleaded complaint rule.  2010 WL 11549617, at *3.  Without supporting authority, the court concluded that the trademark issue raised in the plaintiff's claim for declaratory judgment "raise[d] substantial questions of federal law."  Id.  It neither discussed the other three requirements laid out in Grable, nor explained how the trademark issue was important to the "federal system as a whole."  See Gunn, 568 U.S. at 260 (citing Grable, 545 U.S. at 315).  Lastly, as the cases cited serve only as persuasive authority, the Court declines to adopt their conclusions.

In sum, the federal trademark issue Solorio claims CareCo raises in its Complaint "is not substantial in the relevant sense."  Gunn, 568 U.S. at 260.  Without such federal significance, this Court lacks subject matter jurisdiction over CareCo's state law claims.  Gunn, 568 U.S. at 258 (holding that all four requirements of federal question inquiry must be met for federal jurisdiction to be proper (citing Grable, 545 U.S. at 313–14)).  Although Solorio identifies a potential "federal issue," this not "a password opening federal courts to any state action embracing a point of federal law."  Grable, 545 U.S. at 314.  This conclusion is reinforced by the Ninth Circuit's guidance that doubts as to removability should be resolved in favor of remanding the case to the state court.  Moore-Thomas, 553 F.3d at 1244.

      **c.**      **Supplemental Jurisdiction**

Lastly, Solorio does not address CareCo's argument that the Court cannot exercise supplemental jurisdiction over the state law claims simply because there is a related action pending in federal court.  (See generally Opp'n to Remand.)  Therefore, the Court finds that Solorio waived any arguments related to that theory.  See Conservation Force v. Salazar, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing Pers. Elec. Transps., Inc. v. Office of U.S. Tr., 313 Fed. App'x 51, 52 (9th Cir. 2009)); Quonset Partners, LLC v. City of Coachella, No. EDCV 22-672, 2022 WL 18359138, at *6 (C.D. Cal. Dec. 9, 2022) (finding that a party's failure to contest a theory presented by its counterpart constitutes a waiver of the issues raised).  Irrespective of this waiver, the Court agrees with CareCo that a related action pending in federal court does not allow a federal district court to exercise supplemental jurisdiction over separate state law claims.  See Perez v. City of Los Angeles, No. CV 23-03381, 2023

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

WL 8113258, at *2 (C.D. Cal. Nov. 21, 2023) ("That a related case [is] pending in federal court [is] not in itself sufficient grounds for removal under 28 U.S.C. § 1441." (alteration in original) (quoting Fabricus v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972)); see also Wescom Credit Union v. Dudley, No. CV 10-8203, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010) (The supplemental jurisdiction "statute does not authorize supplemental jurisdiction over free-standing state law claims that are related to a *separate* action over which the court has jurisdiction.").  As the Supreme Court has said, a "court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." Peacock v. Thomas, 516 U.S. 349, 355 (1996). "[Supplemental] jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show to qualify for removal under § 1441." Syngenta Crop Prod., Inc. v. Henson, 537 U.S. 28, 34 (2002).

Accordingly, for the above stated reasons, the Court must **REMAND** the case back to the state court for lack of subject matter jurisdiction.

2. Attorneys' Fees

In its Motion to Remand, CareCo requested payment of all just costs incurred as a result of Solorio's removal pursuant to § 1447(c). (Mot. to Remand at 4.) When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c); see also Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Jordan, 781 F.3d at 1184 (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)). This reasonableness test recognizes Congress' desire to deter removals intended to prolong litigation and impose costs on the imposing party. Martin, 546 U.S. at 140. In making the reasonableness determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066–67 (9th Cir. 2008). However, the Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." Id. at 1065.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  5:24-cv-00836-JVS-JDE                    Date   June 26, 2024

Title   Careco, LLC v. Miguel Solorio et al

Solorio removed the case to federal court on April 19, 2024, claiming that federal question jurisdiction existed under 28 U.S.C. §§ 1331 and 1338. (Notice of Removal, at 2.) The basis for this assertion was CareCo allegedly listing causes of action for trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). (Id.) CareCo argues that removal was "objectively unreasonable" because no federal question appears on the face of its Complaint. (Mot. to Remand at 5.) It further asserts that Solorio's representation that it brought claims under the Lanham Act were false. (Id.) Solorio counters that the Complaint discusses the partnership's marks at length and seemingly seeks a clarification over ownership of those marks. (Opp'n to Remand at 13.) Thus, he contends that it was "objectively reasonable" to remove the case to federal court. (Id. at 14.)

Although the Court is now remanding the case for lack of subject matter jurisdiction, presenting losing arguments is not a sufficient ground for concluding Solorio's removal was "objectively unreasonable." See Lussier, 518 F.3d at 1065. His arguments pertaining to the "coercive action doctrine" were misplaced; however, courts outside this district provided at least some grounds for raising it. See, e.g., Evans, 2006 WL 1377031, at *2. Moreover, while Solorio's contention that CareCo's Complaint arose under federal law was unpersuasive, it was not "objectively unreasonable" to remove given the case given the potential disputes over trademark ownership in CareCo's declaratory judgment claim. See Grable, 545 U.S. at 315. In addition, Solorio's removal does not implicate Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party. Martin, 546 U.S. at 140. Solorio asserted in the Notice of Removal that he intended to consolidate this case with the separate federal one, which indicates an intent to preserve judicial resources and resolve the claims without delay. (Notice of Removal, at 2.)

In support of its argument for awarding attorneys' fees, CareCo relies on this Court's decision in Trust v. Staab, No. EDCV 15-01357, 2015 WL 8493925, at *3 (C.D. Cal. Dec. 9, 2015). However, Staab if factually distinct from the facts here. There, the Court awarded attorney's fees upon remand because the defendants had removed the case for a second time under federal question jurisdiction despite the Court's previous order remanding it for lack of federal question jurisdiction on the exact same grounds. Id. The Court characterized the defendants' second removal as "a knowingly abusive litigation tactic." Id. The same cannot be said here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00836-JVS-JDE | Date | June 26, 2024 |
| Title | Careco, LLC v. Miguel Solorio et al | | |

Seeing as the circumstances of the removal in this case are not "unusual," nor "objectively unreasonable," Martin, 546 U.S. at 141, the Court concludes that awarding CareCo attorneys' fees would be inappropriate.  Therefore, the Court **DENIES** CareCo's request for attorneys' fees.

    B.    *Motion to Dismiss and Motion to Disqualify*

Given that the case is being remanded to the Superior Court of the State of California, the Court **DENIES** Solorio's Motions to Dismiss and Disqualify as **moot.**

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** CareCo's Motion to Remand and **REMANDS** this action to Superior Court of the State of California, County of Riverside. It also **DENIES as moot** Solorio's Motions to Dismiss and Disqualify.

    **IT IS SO ORDERED.**